EDWARD B. ROGERS, APPELLANT, V. AUGUST L. REBBE ET AL., APPELLEES.

272 N. W. 565

FILED APRIL 16, 1937. No. 29895.

*Joseph E. Daly,* for appellant.

*Abbott, Dunlap & Corbett,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a suit in equity for a decree adjudging a warranty deed to land to be a mortgage, requiring grantees to account for rents and profits and restoring title and possession to grantor, the plaintiff. The district court dismissed the suit and plaintiff appealed.

The land, a 160-acre farm in Dodge county, was described in the deed as the west half of the northeast quarter and the north half of the southeast quarter of section 2, township 18, north of range 7, east of the 6th P. M., valued by plaintiff at $24,000. The deed was dated and recorded October 5, 1926. Edward B. Rogers, plaintiff, was grantor, and August L. Rebbe and Louis J. Rebbe, defendants, were grantees. The wife of each grantee and Fred Derkin, tenant, were also defendants.

In the petition it was alleged in substance that plaintiff desired a loan not exceeding $10,000 to aid him in settling with creditors for an unpaid judgment and other claims against him; that he applied to grantees for a loan, which they agreed to make; that the deed was intended as, and is,

a mortgage securing the loan; that grantees, pursuant to arrangements, lent him $4,600; took and still retain possession of the land; collected and kept rents and profits exceeding the loan, interest and taxes; refused to account to plaintiff on demand; failed to restore possession or to reconvey the title. Plaintiff offered to pay grantees the unpaid debt, if any, owing by him to them upon an accounting and prayed for restoration of his title and other equitable relief to which he is entitled under facts pleaded in detail.

For the purposes of the appeal the answer of grantees may be summarized as follows: Plaintiff acquired his title by inheritance from his deceased wife, who was a sister of grantees, and he declared to them his purpose to restore the title by deed to the Rebbes. Plaintiff transferred this land to grantees and his other property to third persons with the intention of cheating and defrauding his creditors and of delaying them in the collection of their claims, grantees being without knowledge of the fraudulent intent. A 9,000-dollar judgment was entered against plaintiff and he owed other unpaid debts. December 1, 1926, a judgment creditor of his sued grantees to cancel their deed as a conveyance to cheat and defraud creditors. December 6, 1926, grantees gave plaintiff $4,600 to enable him to compromise the judgment and his other debts—this for the protection of their own title. Grantees did not lend plaintiff any money and there was no agreement or understanding that the deed should operate as a mortgage or stand as security for a debt. They accepted the deed, took possession believing the land, which was formerly owned by their deceased sister, was transferred to them for the purpose of restoring the title to the Rebbes according to the declared intention of grantor. They afterward made permanent and valuable improvements with that understanding. This is a mere summary of facts pleaded in defense. Further details are not necessary to a decision.

Is plaintiff entitled to equitable relief? The evidence definitely proves that plaintiff executed and delivered the

deed in controversy for the unlawful purpose of delaying his creditors in the collection of their claims, if not with the positive intent to cheat or defraud them. He did not receive for the deed, when executed, delivered and accepted, any money or other property as consideration. The evidence will not admit of any finding to the contrary. Grantees pleaded that they did not lend grantor any money and that they gave him $4,600 to protect the title which the deed conveyed. The evidence proves that, with knowledge of the fraud on the part of grantor, grantees retained the fruits of the fraudulent transaction which they pleaded in defense; failed to reconvey the title or to account for rents and profits or to permit the land to be subjected to the payment of the judgment against grantor. They were participants in the fraud which delayed the collection of his debts. The plea that grantor intended to defraud his creditors does not aid grantees. Equity does not relieve rival litigants from the consequences of their own fraud in becoming parties to or participants in a fraudulent conveyance which unlawfully delays creditors in the collection of grantor's debts, but, on grounds of public policy and protection of the judiciary, leaves them in the position in which they placed themselves. Plaintiff and defendants alike may be denied relief in a situation of this kind on the court's own motion as soon as such fraud is positively disclosed at the trial. A dismissal of the suit in such a case is not ordered for the purpose of sustaining the defense but for turning out of court all participants in the fraud. These rules of equity are of such universal application as to make reference to precedents unnecessary.

AFFIRMED.